IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RITA N.,[1] | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 22 C 6449 |
| v. | ) | |
| | ) | Magistrate Judge |
| KILOLO KIJAKAZI, Acting | ) | Maria Valdez |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Rita N.'s claim for Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion to reverse the Commissioner's decision [Doc. No. 15] is granted in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 20] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by her first name and the first initial of her last name.

## BACKGROUND

### I. PROCEDURAL HISTORY

On March 6, 2020, Plaintiff filed a claim for DIB, alleging disability since March 5, 2020. The claim was denied initially and upon reconsideration, after which she timely requested a hearing before an Administrative Law Judge ("ALJ"). A telephonic hearing was held on September 8, 2021, and all participants attended the hearing by telephone. Plaintiff appeared and testified at the hearing and was represented by counsel. A vocational expert ("VE") also testified.

On November 12, 2021, the ALJ denied Plaintiff's claim for benefits, finding her not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

### II. ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of March 5, 2020. At step two, the ALJ concluded that Plaintiff had the following severe impairments: anxiety; depression; degenerative disc disease status-post remote fusion; and

osteoarthritis. The ALJ concluded at step three that Plaintiff's impairments, alone or in combination, do not meet or medically equal any listed impairments.

Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work with the following additional limitations: can never climb ladders; can occasionally perform other postural maneuvers; can tolerate occasional exposure to hazards such as heights and moving parts; and would be limited to performing simple and routine tasks. At step four, the ALJ concluded that Plaintiff would be unable to perform her past relevant work as an automobile contract clerk. However, at step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff can perform jobs existing in significant numbers in the national economy, leading to a finding that she is not disabled under the Social Security Act.

## DISCUSSION

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments

enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II.   JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not

high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with record evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a plaintiff, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to

5

fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

### III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ erred by ignoring post-laminectomy syndrome; (2) the ALJ failed to properly assess the medical opinions; (3) the ALJ's mental RFC finding was not supported by substantial evidence; and (4) the ALJ failed to properly evaluate Plaintiff's symptoms.

In advancing her second argument, Plaintiff contends that the ALJ "erred in discounting the opinions of the State Agency reviewers that limited [Plaintiff] to sedentary work." (Pl.'s Br. at 6.) Because Plaintiff filed her claim in 2020, the ALJ was required to evaluate the medical opinion evidence under regulations applicable to claims filed on or after March 27, 2017. 20 C.F.R. § 404.1520c (2017). Under these regulations, the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative

6

medical finding(s), including those from [a claimant's] medical sources." 20 C.F.R. § 404.1520c(a). An ALJ is instead required to articulate "how persuasive [she] find[s] all of the medical opinions and all of the prior administrative medical findings in [a claimant's] case record." 20 C.F.R. § 404.1520c(b). Factors to be considered in this evaluation include supportability, consistency, relationship with the claimant, specialization, and other factors that tend to support or contradict a medical opinion or prior administrative medical finding. 20 C.F.R. § 404.1520c(a), (c). Supportability and consistency are the two most important factors. 20 C.F.R. § 404.1520c(a); *see* 20 C.F.R. § 404.1520c(c)(2) ("The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be."). An ALJ's decision must explain how she considered the factors of supportability and consistency, but she is not required to explain how she evaluated the other factors. 20 C.F.R. § 404.1520c(b)(2).

In this case, the ALJ assessed the State agency medical consultants' opinions as follows:

> State agency medical consultant, Charles Murphy, M.D., found that the claimant was capable of performing sedentary work wherein she could stand and/or walk for two hours, and sit for six hours in a workday. The claimant could never climb ladders, ropes, or scaffolds, but could perform other postural maneuvers occasionally. The claimant would need to avoid concentrated exposure to extreme cold, and avoid even moderate exposure to vibration and hazards. On reconsideration, State agency medical consultant, Victoria Dow, M.D., made largely similar findings, but found that the claimant's only environmental limitation would involve avoiding concentrated exposure to hazards. In terms of supportability, the above limitations are supported by physical examinations showing a limited and painful range of motion throughout

7

>the claimant's spine and extremities. Although supported, the above opinions are unpersuasive due to their inconsistency with evidence presented at the hearing level. For instance, finding that the claimant would be limited to sedentary work is inconsistent with physical examination evidence showing that the claimant had a normal gait, and a full range of motion throughout her spine and extremities. The undersigned has accordingly limited the claimant to light exertional work.

(R. 32-33 (citations omitted).)

In arguing for remand, Plaintiff points out that the ALJ's finding of inconsistency is based on a single cited examination. With that in mind, the Court agrees with Plaintiff that the ALJ's assessment of the State agency medical consultants' opinions is inadequate. More specifically, the Court agrees with Plaintiff that the ALJ erred in finding the medical consultants' opinions "unpersuasive on the basis that they were inconsistent with one physical examination, conducted during a psychiatric hospitalization that noted a normal gait and full range of motion." (Pl.'s Br. at 6.) Along those lines, the Court finds that the ALJ was not permitted to make the independent medical determination that gait and range of motion results from one psychiatric hospitalization exam undermined the entirety of the medical consultants' opinions. There is a disconnect in the ALJ's reasoning that the consultants' opinions were substantially supported yet inconsistent with one examination, and a more nuanced and less conclusory analysis is required. *See Patrice W. v. Kijakazi*, No. 20 C 02847, 2022 WL 2463557, at *3 (N.D. Ill. July 6, 2022) ("The ALJ . . . only identified a conclusion – as opposed to an explanation – with respect to the consistency of the consultants' opinions with the record."); *Jomarie S. v. Kijakazi*, No. 20-CV-7029, 2022 WL 2105916, at *4 (N.D.

8

Ill. June 10, 2022) ("The categorical statements made by the ALJ are not supported [by] the record in this case, and a more nuanced discussion regarding the supportability and consistency of the treating psychiatrist's opinion is necessary.") The shortcomings in the ALJ's assessment of the State agency medical consultants' opinions require that this matter be remanded. *See Fatime I. v. Kijakazi*, No. 20 CV 3603, 2022 WL 4605081, at *5 (N.D. Ill. Sept. 30, 2022).

Plaintiff also attacks the ALJ's subjective symptom analysis. As part of her argument on that topic, Plaintiff contends that the ALJ improperly discounted her alleged symptoms based on her activities of daily living. In his decision, the ALJ noted Plaintiff's allegations that "pain in her spine and lower extremities limits her ability to engage in prolonged physical activity" and "symptoms related to her anxiety and depression, along with medication side effects, impair her concentration." (R. 31.) However, the ALJ determined that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely consistent with the medical evidence and other evidence in the record." (*Id.*) In making that determination, the ALJ relied on and mentioned only one daily activity – specifically, Plaintiff's report that she watched television. (*Id.* at 32.)

With respect to an ALJ's assessment of a claimant's alleged symptoms, this Court gives "the ALJ's credibility finding special deference and will overturn it only if it is patently wrong." *Summers v. Berryhill*, 864 F.3d 523, 528 (7th Cir. 2017) (internal quotations and citation omitted). However, as to daily activities, the ALJ must "explain the 'inconsistencies' between [a claimant's] activities of daily living . .

9

. complaints of pain, and the medical evidence." *Charles B. v. Saul*, No. 19 C 1980, 2020 WL 6134986, at *12 (N.D. Ill. Oct. 19, 2020) (citation omitted). *See also Rainey v. Berryhill*, 731 F. App'x 519, 522 (7th Cir. 2018) ("While an ALJ may consider daily activities when assessing the claimant's credibility, the ALJ must also explain how the claimant's activities are inconsistent with medical evidence.") (citations omitted). Put differently, the ALJ must "adequately explain how Plaintiff's ability to perform his daily activities undermined his allegations of disability." *Steven L. v. Saul*, No. 19-CV-6047, 2021 WL 1531603, at *2 (N.D. Ill. Apr. 19, 2021). A level of specificity is required, and the ALJ must explain why a claimant's "daily activities are inconsistent with his specific symptom allegations." *Donte A. R. v. Saul*, No. 19 C 2363, 2020 WL 7241066, at *8 (N.D. Ill. Dec. 9, 2020) (citations omitted).

Here, the Court agrees with Plaintiff that the ALJ's credibility determination vis-à-vis Plaintiff's activities of daily living was insufficiently supported. The ALJ did not adequately explain how Plaintiff's single enumerated activity – watching television – contradicted her allegations of disabling pain and mental deficits. *See Galarza v. Berryhill*, No. 17 C 3804, 2018 WL 4489584, at *3 (N.D. Ill. Sept. 19, 2018) ("[T]he ALJ gave no rationale for his conclusion that Plaintiff's ability to complete certain household chores and watch television equates to the level of sustained concentration required for competitive employment."); *Phillips v. Berryhill*, No. 17 C 4509, 2018 WL 4404665, at *8 (N.D. Ill. Sept. 18, 2018) ("[T]he ALJ does not explain how reading, watching television, playing computer games, and completing crossword puzzles – physically undemanding activities that Plaintiff

10

could stop doing whenever she needed or wanted to – are inconsistent with her description of 'fairly limited' daily activities."). The inadequacy of the ALJ's symptom analysis is another error requiring that this matter be remanded. *See Steven L.*, 2021 WL 1531603 at *4 ("On remand, the ALJ should more fully analyze Plaintiff's activities of daily living and whether they are in fact inconsistent with his disability claim, taking care to explain how his daily activities truly (or not) equates to the ability to perform work at a level necessary for competitive employment."); *Pearline P. v. Saul*, No. 17 C 8996, 2020 WL 370187, at *8 (N.D. Ill. Jan. 22, 2020) ("On remand, the ALJ should . . . provide a sufficient explanation about how his assessment of Claimant's activities of daily living inform his ultimate decision as to what level of work, if any, Claimant is capable of performing.").

Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found. Indeed, the Court admonishes the Commissioner that, on remand, special care should be taken to ensure that all of Plaintiff's back conditions are properly assessed and Plaintiff's concentration deficits are properly accounted for.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion to reverse the Commissioner's decision [Doc. No. 15] is granted in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 20] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**          **ENTERED:**

**DATE:**    October 6, 2023

**HON. MARIA VALDEZ**
**United States Magistrate Judge**